The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEO M. DICKERSON,<br><br>Defendant. | NO. CR18-226-RSL<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture seeking to forfeit to the United States Defendant Leo M. Dickerson's interest in the following property that was seized on or about July 17, 2018, in Tacoma, Washington:

1. One Glock 26 9mm handgun bearing serial number BARU497;
2. One drum magazine loaded with 50 rounds of 9mm caliber ammunition;
3. One magazine loaded with 14 rounds of 9mm caliber ammunition; and
4. One magazine loaded with 9 rounds of 9mm caliber ammunition.

The Court, having reviewed the papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture is appropriate because of the following:

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The Defendant was charged by a Superseding Information that included forfeiture allegations providing notice that, pursuant to 18 U.S.C. § 942(d)(1) and 28 U.S.C. § 2461(c), the United States was seeking the forfeiture of any firearms or ammunition involved or used in any knowing violation of 18 U.S.C. § 922(g), including but not limited to the above-identified property (Dkt. No. 47 at 2);
- The Defendant agreed, pursuant to the Plea Agreement he entered on February 5, 2019, to forfeit his interest in the above-identified property, (Dkt. No. 49, ¶ 12); and
- The evidence in the record has established the requisite nexus between the above-identified property and the offense of conviction, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b)(1)(B).

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and it will be included in the judgment;

3) The United States Department of Justice, and/or its authorized agents or representatives, shall maintain the above-identified property in its custody and control until further order of this Court;

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least 30 days. For any person known to have alleged an interest in the property, the United States shall also, to

Preliminary Order of Forfeiture - 2
*United States v. Dickerson*, CR18-226-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last day of publication), or within 30 days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.  shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b.  shall be signed by the petitioner under penalty of perjury; and

    c.  shall set forth the nature and extent of the petitioner's right, title or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought;

    5)  If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

    6)  If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues presented by that petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing is conducted on the petition. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

///
///
///

Preliminary Order of Forfeiture - 3
*United States v. Dickerson*, CR18-226-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 22nd day of February, 2019.

*signature*
Robert S. Lasnik
United States District Judge

/

Presented by:

*/s/ Neal B. Christiansen*
NEAL B. CHRISTIANSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-2242
Neal.Christiansen2@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Dickerson*, CR18-226-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970